# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL EDWARD KIMBLE,<br><br>  Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br>  Respondents. | Civil Action No. 2:13-052<br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## Reissued Report and Recommendation

### I.  Recommendation

On March 6, 2013, Respondents filed a Motion to Dismiss as untimely (ECF No. 5) Paul Edward Kimble's Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, attaching the relevant state court dockets. This Court directed petitioner to file a response to the motion to dismiss on or before April 8, 2013.  On April 16, 2013, the Court issued a Rule to Show Cause why the case should not be dismissed because petitioner had not complied with the Court's Order, nor had he filed any motions for an extension of time within which to comply with the Court's Order.

On May 1, 2013, petitioner filed a two page response to the Rule to Show Cause addressing the substance of Respondents' motion to dismiss.  After careful consideration of the motion, response and state court dockets, it is recommended that the Court grant the motion and dismiss the petition as untimely.[1]

---

[1] The record does not indicate that the initial R&R was mailed to petitioner at his place of confinement.  Out of an abundance of caution, this Reissued Report and Recommendation supersedes the initial Report and Recommendation (ECF No. 11) and reinstates the period within which petitioner may file objections.

1

## II. Report

### A. Procedural history

Petitioner was charged in the Court of Common Pleas of Allegheny County with one count of criminal homicide (18 Pa.C.S. § 2501), for the stabbing death of his estranged wife, Teresa Kimble. On January 29, 2002, Petitioner proceeded to jury trial represented by the Office of the Public Defender. The jury found Petitioner guilty of Murder in the First Degree. On April 8, 2002, the Court imposed the mandatory sentence of life imprisonment without the possibility of parole.

John Knorr, Esquire, was appointed to represent Petitioner on appeal. He filed a timely appeal to the Superior Court of Pennsylvania which filed an Opinion on February 25, 2004 affirming the judgment of sentence. Petitioner did not seek allowance of appeal to the Pennsylvania Supreme Court, and therefore, Petitioner's state conviction became final on March 26, 2004, thirty days after the Superior Court affirmed the judgment of sentence.

On March 23, 2005, Mr. Kimble filed a Petition under the Post-Conviction Relief Act (PCRA), through Attorney Knorr. Following an evidentiary hearing, by Order of Court dated January 20, 2010, the PCRA Petition was dismissed. Petitioner filed an appeal, and Superior Court affirmed the dismissal of the PCRA Petition in its December 15, 2011 Memorandum Opinion. Petitioner filed a Petitioner for Allowance of Appeal (PAA) with the Pennsylvania Supreme Court, which it denied on July 9, 2012.

On August 12, 2012, Petitioner filed, *pro se*, a second PCRA Petition. Scott Coffey, Esquire was appointed, and he filed a No Merit Letter on October 10, 2012 in which he stated that the petition was untimely and meritless. The trial court dismissed this petition on February

25, 2013. In the meantime, Petitioner had filed the Petition for Writ of Habeas Corpus with this Court which was docketed on January 10, 2013, but is deemed to have been filed on December 30, 2012 pursuant to the Prisoner Mailbox Rule.

Petitioner filed for collateral relief on March 23, 2005, when counsel filed his first, timely PCRA Petition. Some 362 days had elapsed between the time the conviction became final (March 26, 2004) and the time Petitioner filed for collateral relief (March 23, 2005). The PCRA Petition was "pending" until July 9, 2012, the date on which the Supreme Court of Pennsylvania denied the PAA. The time period in which a PCRA Petition is pending is tolled for federal habeas purposes. *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3rd Cir. 1998). Accordingly, the time period from March 23, 2005 through July 9, 2012 does not count against Petitioner for purposes of filing for federal habeas relief.

Based on the above, Petitioner had until July 12, 2012 to file a timely petition for federal habeas relief. However, Petitioner did not file his Petition for Writ of Habeas Corpus until December 30, 2012, some 171 days later. The Petition for Writ of Habeas Corpus is clearly time-barred.

Petitioner does not dispute any of the above recitation of procedural facts, nor does he plead any exception to the time-bar. Petitioner's sole response to the Commonwealth's untimeliness argument is this:

> We ask the Courts to look at the case before them, and We then ask that the District courts review this issue of "Time Bar" carefully and not allow this case to be stepped upon by big word allegations, that fail to prove the facts, which is, this case was timely filed. And after such litigation, we ask that this case be heard in the courts.

Petitioner's Response to Rule to Show Cause (ECF No. 10, at 2).

3

## B. AEDPA's Statute of Limitations

It is not the Commonwealth's "big word allegations" that require this Court to dismiss the petition as untimely, but the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, AEDPA imposes a one-year limitations period applicable to state prisoners, which provides as follows.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Petitioner's one-year limitations period ended on July 12, 2012. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until December 30, 2012, more than five months after his limitations period had expired. Nothing in the record before the Court indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in section 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be

5

equitably tolled, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010). "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine." *Ross v. Varano,* 712 F.3d 784 (3d Cir. 2013) (citations omitted). *See also LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (court should apply equitable tolling "only in the rare situation" where it's application is "demanded by sound legal principles as well as the interests of justice."). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Ross; Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). The record is devoid of factual justification for Petitioner's delay in filing his federal petition. Finally, Petitioner has not convinced this court that "rigid application of the statute would be unfair." *Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001).

The petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, the Petition should be dismissed as untimely.

**C. Certificate of Appealability**

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not

decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, there is no basis upon which to issue a certificate of appealability.

### III. Conclusion

For the foregoing reasons, it is respectfully recommended that the District Court deny the Petition for a Writ of Habeas Corpus, decline to issue a Certificate of Appealability, and dismiss the case with prejudice. In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed until July 29, 2013, to file written objections to this Report and Recommendation. Any party opposing the objections shall respond thereto by August 12, 2013. Failure to file timely objections will constitute a waiver of any appellate rights.

Date: July 12, 2013                          /s/Cynthia Reed Eddy
                                                               Cynthia Reed Eddy
                                                               United States Magistrate Judge

cc: all counsel of record

Paul Edward Kimble
EY8857
PO Box 9999
LaBelle, PA 15450